# UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT
# CIVIL APPEAL PRE-ARGUMENT STATEMENT (FORM C)

**1. SEE NOTICE ON REVERSE** **2. PLEASE TYPE OR PRINT** **3. STAPLE ALL ADDITIONAL PAGES**

| Case Caption: | District Court or Agency: | Judge: |
|---|---|---|
| Bakhtani v. Rhoney | WDNY | Hon. Lawrence J. Vilardo |
| | Date the Order or Judgment Appealed from was Entered on the Docket: February 6, 2026 | District Court Docket No.: 25-CV-01500-LJV |
| | Date the Notice of Appeal was Filed: September 4, 2026 | Is this a Cross Appeal? ☐ Yes ☑ No |

| | Counsel's Name: Address: Telephone No.: Fax No.: E-mail: |
|---|---|
| **Attorney(s) for Appellant(s):** ☐ Plaintiff ☑ Defendant | Assistant United States Attorney Adam A. Khalil<br>100 State Street, Suite 500<br>Rochester, NY 14614<br>Tel: 585-399-3979; Email: Adam.Khalil@usdoj.gov |
| **Attorney(s) for Appellee(s):** ☑ Plaintiff ☐ Defendant | Jessica Perry, Esq.<br>New York Civil Liberties Union<br>125 Broad St., 19th Floor, New York, NY 10004<br>212−607−3323; Email: jperry@nyclu.org |

| Has Transcript Been Prepared? | Approx. Number of Transcript Pages: | Number of Exhibits Appended to Transcript: | Has this matter been before this Circuit previously? ☐ Yes ☑ No |
|---|---|---|---|
| No | Unknown | 0 | If Yes, provide the following:<br>Case Name:<br>2d Cir. Docket No.: Reporter Citation: (i.e., F.3d or Fed. App.) |

***ADDENDUM "A"*: COUNSEL MUST ATTACH TO THIS FORM: (1) A BRIEF, BUT NOT PERFUNCTORY, DESCRIPTION OF THE NATURE OF THE ACTION; (2) THE RESULT BELOW; (3) A COPY OF THE NOTICE OF APPEAL AND A CURRENT COPY OF THE LOWER COURT DOCKET SHEET; AND (4) A COPY OF ALL RELEVANT OPINIONS/ORDERS FORMING THE BASIS FOR THIS APPEAL, INCLUDING TRANSCRIPTS OF ORDERS ISSUED FROM THE BENCH OR IN CHAMBERS.**

***ADDENDUM "B"*: COUNSEL MUST ATTACH TO THIS FORM A LIST OF THE ISSUES PROPOSED TO BE RAISED ON APPEAL, AS WELL AS THE APPLICABLE APPELLATE STANDARD OF REVIEW FOR EACH PROPOSED ISSUE.**

## PART A: JURISDICTION

| 1. Federal Jurisdiction | | 2. Appellate Jurisdiction | |
|---|---|---|---|
| ☑ U.S. a party | ☐ Diversity | ☑ Final Decision | ☐ Order Certified by District Judge (i.e., Fed . R. Civ. P. 54(b)) |
| ☐ Federal question (U.S. not a party) | ☐ Other (specify): ________ | ☐ Interlocutory Decision Appealable As of Right | ☐ Other (specify): ________ |

**IMPORTANT. COMPLETE AND SIGN REVERSE SIDE OF THIS FORM.**

**PART B: DISTRICT COURT DISPOSITION (Check as many as apply)**

| 1. Stage of Proceedings | 2. Type of Judgment/Order Appealed | | 3. Relief | |
|---|---|---|---|---|
| ☑ Pre-trial | ☐ Default judgment | ☐ Dismissal/other jurisdiction | ☐ Damages: | ☐ Injunctions: |
| ☐ During trial | ☐ Dismissal/FRCP 12(b)(1) lack of subject matter juris. | ☐ Dismissal/merit | ☐ Sought: $ ______ | ☐ Preliminary |
| ☐ After trial | ☐ Dismissal/FRCP 12(b)(6) failure to state a claim | ☑ Judgment / Decision of the Court | ☐ Granted: $ ______ | ☐ Permanent |
| | ☐ Dismissal/28 U.S.C. § 1915(e)(2) frivolous complaint | ☐ Summary judgment | ☐ Denied: $ ______ | ☐ Denied |
| | ☐ Dismissal/28 U.S.C. § 1915(e)(2) other dismissal | ☐ Declaratory judgment | | |
| | | ☐ Jury verdict | | |
| | | ☐ Judgment NOV | | |
| | | ☐ Directed verdict | | |
| | | ☐ Other (specify): | | |

**PART C: NATURE OF SUIT (Check as many as apply)**

| 1. Federal Statutes | | | 2. Torts | 3. Contracts | 4. Prisoner Petitions |
|---|---|---|---|---|---|
| ☐ Antitrust | ☐ Communications | ☐ Freedom of Information Act | ☐ Admiralty/ Maritime | ☐ Admiralty/ Maritime | ☐ Civil Rights |
| ☐ Bankruptcy | ☐ Consumer Protection | ☑ Immigration | ☐ Assault / Defamation | ☐ Arbitration | ☑ Habeas Corpus |
| ☐ Banks/Banking | ☐ Copyright ☐ Patent | ☐ Labor | ☐ FELA | ☐ Commercial | ☐ Mandamus |
| ☐ Civil Rights | ☐ Trademark | ☐ OSHA | ☐ Products Liability | ☐ Employment | ☐ Parole |
| ☐ Commerce | ☐ Election | ☐ Securities | ☐ Other (Specify): | ☐ Insurance | ☐ Vacate Sentence |
| ☐ Energy | ☐ Soc. Security | ☐ Tax | | ☐ Negotiable Instruments | ☐ Other |
| ☐ Commodities | ☐ Environmental | | | ☐ Other Specify | |
| ☐ Other (specify): ____________ | | | | | |

| 5. Other | 6. General | 7. Will appeal raise constitutional issue(s)? |
|---|---|---|
| ☐ Hague Int'l Child Custody Conv. | ☐ Arbitration | ☑ Yes ☐ No |
| ☐ Forfeiture/Penalty | ☐ Attorney Disqualification | |
| ☐ Real Property | ☐ Class Action | Will appeal raise a matter of first impression? |
| ☐ Treaty (specify): ________________ | ☐ Counsel Fees | |
| ☐ Other (specify): ________________ | ☐ Shareholder Derivative | ☐ Yes ☐ No |
| | ☐ Transfer | |

1. Is any matter relative to this appeal still pending below? ☐ Yes, specify: ______________________________ ☑ No

2. To your knowledge, is there any case presently pending or about to be brought before this Court or another court or administrative agency which:
   (A) Arises from substantially the same case or controversy as this appeal? ☐ Yes ☑ No
   (B) Involves an issue that is substantially similar or related to an issue in this appeal? ☐ Yes ☑ No

If yes, state whether ☐ "A," or ☐ "B," or ☐ both are applicable, and provide in the spaces below the following information on the *other* action(s):

| Case Name: | Docket No. | Citation: | Court or Agency: |
|---|---|---|---|
| | | | |

Name of Appellant: U.S. Department of Homeland Security

Date: 9/21/2026

Signature of Counsel of Record: s/Adam A. Khalil

## NOTICE TO COUNSEL

**Once you have filed your Notice of Appeal with the District Court or the Tax Court, you have only 14 days in which to complete the following important steps:**

1. Complete this Civil Appeal Pre-Argument Statement (Form C); serve it upon all parties, and file it with the Clerk of the Second Circuit in accordance with LR 25.1.
2. File the Court of Appeals Transcript Information/Civil Appeal Form (Form D) with the Clerk of the Second Circuit in accordance with LR 25.1.
3. Pay the $605 docketing fee to the United States District Court or the $600 docketing fee to the United States Tax Court unless you are authorized to prosecute the appeal without payment.

**PLEASE NOTE: IF YOU DO NOT COMPLY WITH THESE REQUIREMENTS WITHIN 14 DAYS, YOUR APPEAL WILL BE DISMISSED.** *SEE* LOCAL RULE 12.1.

**Bakhtani v. Rhoney**
26-2501

## Addendum A

### (1) A BRIEF, BUT NOT PERFUNCTORY, DESCRIPTION OF THE NATURE OF THE ACTION

Petitioner sought a writ of habeas corpus after being detained by ICE and having his parole terminated. He argued that the termination of his parole was improper because it was not made on individualized findings and he had no opportunity to contest the termination.

### (2) THE RESULT BELOW

The district court misread § 1225(b)'s language regarding parole, and ignored the discretionary nature of a grant of parole, finding that termination of parole required individualized analysis and communication to an alien, and that an alien was entitled to an opportunity to be heard prior to termination of said parole.

### (3) A COPY OF THE NOTICE OF APPEAL AND A CURRENT COPY OF THE LOWER COURT DOCKET SHEET

See attached.

### (4) A COPY OF ALL RELEVANT OPINIONS/ORDERS FORMING THE BASIS FOR THIS APPEAL, INCLUDING TRANSCRIPTS OF ORDERS ISSUED FROM THE BENCH OR IN CHAMBERS

See attached.

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

KAYHAN BAKHTANI,

Petitioner,

v. 25-CV-01500-LJV

PHILIP RHONEY in his official capacity as Acting Field Office Director, Buffalo Field Office, U.S. Immigration & Customs Enforcement, et. al.,

Respondents.

**NOTICE OF APPEAL**

PLEASE TAKE NOTICE that the Respondents appeal to the United States Court of Appeals for the Second Circuit from the Decision and Order of the United States District Court (Hon. Lawrence J. Vilardo, USDJ), entered in this action on February 6, 2026, granting the petition in part. ECF 14. A separate judgement was not entered. For purposes of Federal Rule of Appellate Procedure 4(a), entry of judgment is considered to have occurred 150 days from the entry of the order, or on July 6, 2026. Fed. R. App. Pro. 4(a)(7)(A)(ii). This Notice is filed 60 days from that date pursuant to Federal Rule of Appellate Procedure 4(a)(1)(B).

MICHAEL DIGIACOMO
United States Attorney

BY: s/ADAM A. KHALIL
Assistant United States Attorney
United States Attorney's Office
Western District of New York
100 State Street, Suite 500
Rochester, New York 14614
(585) 399-3979
Adam.Khalil@usdoj.gov

# 1:25cv1500, Bakhtani V. Marich Et Al

**US District Court Docket**
**United States District Court, New York Western**
**(Buffalo)**
**This case was retrieved on 09/21/2026**

## Header

**Case Number:** 1:25cv1500
**Date Filed:** 12/31/2025
**Assigned To:** Honorable Lawrence J. Vilardo
**Nature of Suit:** Habeas Corpus - Alien Detainee (463)
**Cause:** Petition for Writ of Habeas Corpus (federa
**Lead Docket:** None
**Other Docket:** 1:25cv01463
**Jurisdiction:** U.S. Government Defendant

**Class Code:** Open
**Statute:** 28:2241
**Jury Demand:** None
**Demand Amount:** $0
**NOS Description:** Habeas Corpus - Alien Detainee

## Participants

| Litigants | Attorneys |
| --- | --- |
| Kayhan Bakhtani<br>**Petitioner** | Jessica Perry<br>LEAD ATTORNEY;PRO HAC VICE;ATTORNEY TO BE NOTICED<br>New York Civil Liberties Union<br>125 Broad St. 19th Floor<br>New York, NY 10004<br>USA<br>212-607-3323 Fax: 212-607-3318<br>Email:Jperry@nyclu.Org<br><br>Kerry Quinn Battenfeld<br>LEAD ATTORNEY;ATTORNEY TO BE NOTICED<br>Prisoners' Legal Services of New York<br>14 Lafayette Square Suite 510<br>Buffalo, NY 14203<br>USA<br>716-367-7670 Email:Kbattenfeld@plsny.Org<br><br>Sarah Telo Gillman<br>LEAD ATTORNEY;ATTORNEY TO BE NOTICED<br>Robert & Ethel Kennedy Human Rights Center<br>88 Pine Street Suite 801<br>New York, NY 10005<br>USA<br>929-656-1871<br>Email:Gillman@kennedyhumanrights.Org<br><br>Amy Louise Belsher<br>ATTORNEY TO BE NOTICED<br>New York Civil Liberties Union Foundation<br>125 Broad Street 19th Floor<br>New York, NY 10004<br>USA<br>212-607-3342 Fax: 212-607-3318<br>Email:Abelsher@nyclu.Org |

| Litigants | Attorneys |
| --- | --- |
| | Robert Andrew Hodgson<br>ATTORNEY TO BE NOTICED<br>New York Civil Liberties Union Foundation<br>125 Broad Street 19th Floor<br>New York, NY 10004<br>USA<br>212 607-3317 Fax: 212 607-3318<br>Email:Rhodgson@nyclu.Org |
| | Sarah Emma Decker<br>ATTORNEY TO BE NOTICED<br>Robert F. Kennedy Human Rights<br>1300 19th Street Nw Suite 750<br>Washington, DC 20036<br>USA<br>908-967-3245 Email:Decker@rfkhumanrights.Org |

| Litigants | Attorneys |
| --- | --- |
| Tammy Marich<br>in her official capacity as Acting Field Office Director, Buffalo Field Office, Enforcement and Removal Operations, U.S. Immigration & Customs Enforcement<br>\|<br>**Respondent** | Adam A. Khalil<br>LEAD ATTORNEY;ATTORNEY TO BE NOTICED<br>DOJ-USAO<br>100 State Street, Suite 500<br>Rochester, NY 14614<br>USA<br>585-399-3979 Email:Adam.Khalil@usdoj.Gov<br><br>Marvin J. Muller , III<br><br>[Terminated: 05/04/2026]<br>United States Attorney Office - Rochester<br>100 State Street Suite 500<br>Rochester, NY 14614<br>USA<br>585-399-3916 Email:Marvin.Muller@usdoj.Gov |
| Joseph Freden<br>in his official capacity as Deputy Field Office Director of the Buffalo Federal Detention Facility \|<br>**Respondent** | Adam A. Khalil<br>LEAD ATTORNEY;ATTORNEY TO BE NOTICED<br>DOJ-USAO<br>100 State Street, Suite 500<br>Rochester, NY 14614<br>USA<br>585-399-3979 Email:Adam.Khalil@usdoj.Gov<br><br>Marvin J. Muller , III<br><br>[Terminated: 05/04/2026]<br>United States Attorney Office - Rochester<br>100 State Street Suite 500<br>Rochester, NY 14614<br>USA<br>585-399-3916 Email:Marvin.Muller@usdoj.Gov |

| Litigants | Attorneys |
|---|---|
| Todd Lyons<br>in his official capacity as Acting Director U.S. Immigration and Customs Enforcement \|<br>**Respondent** | Adam A. Khalil<br>LEAD ATTORNEY;ATTORNEY TO BE NOTICED<br>DOJ-USAO<br>100 State Street, Suite 500<br>Rochester, NY 14614<br>USA<br>585-399-3979 Email:Adam.Khalil@usdoj.Gov<br><br>Marvin J. Muller , III<br><br>[Terminated: 05/04/2026]<br>United States Attorney Office - Rochester<br>100 State Street Suite 500<br>Rochester, NY 14614<br>USA<br>585-399-3916 Email:Marvin.Muller@usdoj.Gov |
| Kristi Noem<br>in her official capacity as U.S. Secretary of Homeland Security \|<br>**Respondent** | Adam A. Khalil<br>LEAD ATTORNEY;ATTORNEY TO BE NOTICED<br>DOJ-USAO<br>100 State Street, Suite 500<br>Rochester, NY 14614<br>USA<br>585-399-3979 Email:Adam.Khalil@usdoj.Gov<br><br>Marvin J. Muller , III<br><br>[Terminated: 05/04/2026]<br>United States Attorney Office - Rochester<br>100 State Street Suite 500<br>Rochester, NY 14614<br>USA<br>585-399-3916 Email:Marvin.Muller@usdoj.Gov |

| Litigants | Attorneys |
| --- | --- |
| U.S. Department of Homeland Security<br>**Respondent** | Adam A. Khalil<br>LEAD ATTORNEY;ATTORNEY TO BE NOTICED<br>DOJ-USAO<br>100 State Street, Suite 500<br>Rochester, NY 14614<br>USA<br>585-399-3979 Email:Adam.Khalil@usdoj.Gov<br><br>Marvin J. Muller , III<br><br>[Terminated: 05/04/2026]<br>United States Attorney Office - Rochester<br>100 State Street Suite 500<br>Rochester, NY 14614<br>USA<br>585-399-3916 Email:Marvin.Muller@usdoj.Gov |
| U.S. IMMIGRATION<br>**Respondent** | Adam A. Khalil<br>LEAD ATTORNEY;ATTORNEY TO BE NOTICED<br>DOJ-USAO<br>100 State Street, Suite 500<br>Rochester, NY 14614<br>USA<br>585-399-3979 Email:Adam.Khalil@usdoj.Gov<br><br>Marvin J. Muller , III<br><br>[Terminated: 05/04/2026]<br>United States Attorney Office - Rochester<br>100 State Street Suite 500<br>Rochester, NY 14614<br>USA<br>585-399-3916 Email:Marvin.Muller@usdoj.Gov |

# Proceedings

**Retrieve Document(s)**

| ☐ | Availability | # | Date | Proceeding Text | Source |
|---|---|---|---|---|---|
| ☐ | Online | 1 | 12/31/2025 | PETITION for Writ of Habeas Corpus ( Filing fee $ 5 receipt number ANYWDC-5669647.), filed by Kayhan Bakhtani. (Attachments: # 1 Civil Cover Sheet) (Gillman, Sarah) (Entered: 12/31/2025) | |
| | | | 12/31/2025 | Case assigned to Hon. Lawrence J. Vilardo. Notification to Chambers of on-line civil case opening. (CGJ) (Entered: 12/31/2025) | |
| | | | 12/31/2025 | Notice of Availability of Magistrate Judge: A United States Magistrate of this Court is available to conduct all proceedings in this civil action in accordance with 28 U.S.C. 636c and FRCP 73. The Notice, Consent, and Reference of a Civil Action to a Magistrate Judge form (AO-85) is available for download at http://www.uscourts.gov/services-forms/forms. (CGJ) (Entered: 12/31/2025) | |
| | | 2 | 12/31/2025 | TEXT ORDER re 1 Petition for Writ of Habeas Corpus filed by the petitioner. To maintain the status quo, and solely so that the Court can make an informed decision about its authority to issue relief and whether any relief that it has the power to issue should be granted, the respondents are temporarily enjoined from removing the petitioner from the United States. Additionally, so that the petitioner can fully participate in these proceedings and maintain adequate access to legal counsel, the respondents also are enjoined from transferring the petitioner outside the Western District of New York. See Perez y Perez v. Noem, 2025 WL 1908284, at *2 (S.D.N.Y. June 13, 2025) (collecting cases). The Court will promptly schedule a status conference. SO ORDERED. Issued by Hon. Lawrence J. Vilardo on 12/31/2025. (ZHM) (Entered: 12/31/2025) | |
| | | 3 | 01/02/2026 | TEXT ORDER re 1 Petition for Writ of Habeas Corpus filed by Kayhan Bakhtani. Status Conference set for 1/5/2026 at 3:00 PM in U.S. District Court, Niagara Courtroom, 8th Floor West, 2 Niagara Square, Buffalo, NY before Hon. Lawrence J. Vilardo. PLEASE NOTE: The proceeding described herein will be held remotely. Dial-in instructions will be emailed directly to the parties. SO ORDERED. Issued by | |

| | Availability | # | Date | Proceeding Text | Source |
|---|---|---|---|---|---|
| | | | | Hon. Lawrence J. Vilardo on 1/2/2026. (RFI) (Entered: 01/02/2026) | |
| ☐ | Online | 4 | 01/03/2026 | NOTICE of Appearance by Sarah Emma Decker on behalf of Kayhan Bakhtani (Decker, Sarah) (Entered: 01/03/2026) | |
| ☐ | Online | 5 | 01/05/2026 | NOTICE of Appearance by Kerry Quinn Battenfeld on behalf of Kayhan Bakhtani (Battenfeld, Kerry) (Entered: 01/05/2026) | |
| | | 6 | 01/05/2026 | NOTICE of Appearance of Government Attorney: Marvin J. Muller, III, appearing on behalf of Joseph Freden, Todd Lyons, Tammy Marich, Kristi Noem, U.S. Department of Homeland Security, U.S. Immigration. CLERK TO FOLLOW UP. (Muller, Marvin) (Entered: 01/05/2026) | |
| | | 7 | 01/05/2026 | Minute Entry for proceedings held before Hon. Lawrence J. Vilardo: Status Conference held on 1/5/2026. Court ordered that this proceeding is not to be recorded, or taped in any way. If someone does record it, they will be found in contempt of court. Court heard from parties and ordered expedited briefing schedule. Responses due 1/20/2026. Replies due 1/26/2026. If necessary, oral argument will be scheduled. Appearances by Teams Video Conference. For petitioners: Sarah Gillman, Sarah Decker, Kerry Battenfeld, Jhoanna Sylio, Paralegal Halinka Zolicik. For respondents: AUSA Marvin Muller III. (Court Reporter Laurel Tubbs.) Associated Cases: 1:25-cv-01463-LJV, 1:25-cv-01500-LJV(RFI) (Entered: 01/05/2026) | |
| ☐ | Online | 8 | 01/16/2026 | First MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM by Joseph Freden, Todd Lyons, Tammy Marich, Kristi Noem, U.S. Department of Homeland Security, U.S. Immigration. (Attachments: # 1 Memorandum in Support, # 2 Declaration, # 3 Exhibit A)(Muller, Marvin) (Entered: 01/16/2026) | |
| ☐ | Online | 9 | 01/26/2026 | NOTICE of Appearance by Amy Louise Belsher on behalf of Kayhan Bakhtani (Belsher, Amy) (Entered: 01/26/2026) | |
| ☐ | Online | 10 | 01/26/2026 | Motion to Appear Pro Hac Vice ( Filing fee $ 200 receipt number ANYWDC-5695387.) by Kayhan Bakhtani. (Attachments: # 1 Motion to Appear Pro Hac Vice, # 2 Exhibit 1, Application for | |

| | Availability | # | Date | Proceeding Text | Source |
|---|---|---|---|---|---|
| | | | | Admission, # 3 Exhibit 2, Admission Sponsor Affidavit, # 4 Exhibit 3, Signed Attorney Oath, # 5 Exhibit 4, Signed Civility Oath, # 6 Exhibit 5, ECF Registration Form) (Belsher, Amy) (Entered: 01/26/2026) | |
| ☐ | Online | 11 | 01/26/2026 | MEMORANDUM in Opposition re 8 First MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM and reply in support of Petition filed by Kayhan Bakhtani. (Attachments: # 1 Declaration)(Belsher, Amy) (Entered: 01/26/2026) | |
| ☐ | Online | 12 | 01/27/2026 | NOTICE of Appearance by Robert Andrew Hodgson on behalf of Kayhan Bakhtani (Hodgson, Robert) (Entered: 01/27/2026) | |
| | | 13 | 02/03/2026 | TEXT ORDER granting (12) Motion for Pro Hac Vice Admission in case 1:25-cv-01463-LJV and (10) Motion for Pro Hac Vice Admission in case 1:25-cv-01500-LJV for Attorney Jessica Perry, Esq. SO ORDERED. Issued by Hon. Lawrence J. Vilardo on 2/3/2026. Associated Cases: 1:25-cv-01463-LJV, 1:25-cv-01500-LJV. (CMD)This was mailed to: Jessica Perry, Esq. Clerk to Follow up (Entered: 02/03/2026) | |
| ☐ | Free | 14 | 02/06/2026 | DECISION AND ORDER: For the reasons stated in the decision and order and in Mata Velasquez v. Kurzdorfer, 794 F. Supp. 3d 128 (W.D.N.Y. 2025), Bakhtani's petition, Docket Item 1 , is GRANTED. Within 24 hours of the issuance of this decision and order, Bakhtani must be released. On or before February 9, 2026, the respondents shall file a status report confirming Bakhtani's release. The respondents' motion to dismiss, Docket Item 8 , is DENIED. SO ORDERED. Signed by Hon. Lawrence J. Vilardo on 2/6/2026. (ZHM) (Entered: 02/06/2026) | |
| ☐ | Online | 15 | 02/12/2026 | REPLY/RESPONSE to re 14 Decision and Order,,, Terminate Motions,, filed by Joseph Freden, Todd Lyons, Tammy Marich, Kristi Noem, U.S. Department of Homeland Security, U.S. Immigration. (Muller, Marvin) (Entered: 02/12/2026) | |
| ☐ | Online | 16 | 02/12/2026 | NOTICE of Appearance by Jessica Perry on behalf of Kayhan Bakhtani (Perry, Jessica) (Entered: 02/12/2026) | |
| | | 17 | 02/13/2026 | TEXT ORDER: The respondents have filed a letter, Docket Item 15 , indicating that the | |

| | Availability | # | Date | Proceeding Text | Source |
|---|---|---|---|---|---|
| | | | | petitioner was released in accordance with this Court's decision and order, Docket Item 14 . If the petitioner believes there are any further issues properly before this Court, the petitioner may show cause within 14 days of this order. If the petitioner does not show cause why issues remain before this Court within 14 days, the Clerk of Court shall enter judgment and close this case without further order. SO ORDERED. Issued by Hon. Lawrence J. Vilardo on 2/13/2026. (ZHM)Clerk to Follow up (Entered: 02/13/2026) | |
| ☐ | Online | 18 | 02/23/2026 | Letter filed by Kayhan Bakhtani to request a two-week extension to reply to the Courts Order of February 13, 2026 (ECF No. 17).. (Gillman, Sarah) (Entered: 02/23/2026) | |
| | | 19 | 02/24/2026 | TEXT ORDER granting the request by the petitioner, Docket Item 18 , for an extension of time to respond to the Court's order to show cause, see Docket Item 17 . The petitioner may show cause by 3/10/2026 why any further issues remain properly before this Court. SO ORDERED. Issued by Hon. Lawrence J. Vilardo on 2/24/2026. (ZHM) (Entered: 02/24/2026) | |
| ☐ | Online | 20 | 03/10/2026 | MOTION to Amend/Correct the Verified Petition by Kayhan Bakhtani. (Attachments: # 1 Memorandum in Support Memorandum of Law in Support of Motion to Amend, # 2 Declaration Declaration of Jessica Perry, # 3 Exhibit 1, Redline of Proposed Amended Petition)(Perry, Jessica) (Entered: 03/10/2026) | |
| ☐ | Online | 21 | 03/10/2026 | MOTION to Consolidate Cases by Kayhan Bakhtani, Atal Bakhtani. (Attachments: # 1 Memorandum in Support)Associated Cases: 1:25-cv-01463-LJV, 1:25-cv-01500-LJV(Gillman, Sarah) (Entered: 03/10/2026) | |
| ☐ | Online | 22 | 03/24/2026 | RESPONSE in Opposition re 20 MOTION to Amend/Correct the Verified Petition filed by Joseph Freden, Todd Lyons, Tammy Marich, Kristi Noem, U.S. Department of Homeland Security, U.S. Immigration. (Muller, Marvin) (Entered: 03/24/2026) | |
| ☐ | Online | 23 | 03/31/2026 | REPLY to Response to Motion re 20 MOTION to Amend/Correct the Verified | |

| | Availability | # | Date | Proceeding Text | Source |
|---|---|---|---|---|---|
| | | | | Petition filed by Kayhan Bakhtani. (Perry, Jessica) (Entered: 03/31/2026) | |
| | | 24 | 04/28/2026 | TEXT ORDER re 21 MOTION to Consolidate Cases filed by Kayhan Bakhtani, Atal Bakhtani, 20 MOTION to Amend/Correct the Verified Petition filed by Kayhan Bakhtani. Virtual Oral Argument set for 4/30/2026 at 10:30 AM in U.S. District Court, Niagara Courtroom, 8th Floor West, 2 Niagara Square, Buffalo, NY before Hon. Lawrence J. Vilardo. Dial-in instructions will be emailed directly to parties. SO ORDERED. Issued by Hon. Lawrence J. Vilardo on 4/28/2026. (RFI) (Entered: 04/28/2026) | |
| | | 25 | 04/30/2026 | NOTICE of Appearance of Government Attorney: Adam A. Khalil, appearing on behalf of Joseph Freden, Todd Lyons, Tammy Marich, Kristi Noem, U.S. Department of Homeland Security, U.S. Immigration. CLERK TO FOLLOW UP. (Khalil, Adam) (Entered: 04/30/2026) | |
| | | 26 | 04/30/2026 | Minute Entry for proceedings held before Hon. Lawrence J. Vilardo: Oral Argument re Motions to Amend and Motions to Consolidate held on 4/30/2026. Court ordered that this proceeding is not to be recorded, or taped in any way. If someone does record it, they will be found in contempt of court. Court heard from parties. Court denied motions. Appearances by Teams Video Conference. For petitioners: Jessica Perry, Sarah T. Gillman, Sarah E. Decker, Amy L. Belsher, Robert A. Hodgson and Kerry Q. Battenfeld. For respondents: AUSA Marvin Muller III. (Court Reporter Laurel Tubbs.) Associated Cases: 1:25-cv-01463-LJV, 1:25-cv-01500-LJV(CMD) (Entered: 04/30/2026) | |
| | | 28 | 04/30/2026 | TEXT ORDER denying without prejudice 21 MOTION to Consolidate Cases and 20 MOTION to Amend/Correct the Verified Petition for the reasons stated on the record. If the petitioner does not show cause why issues remain before this Court on or before 10/30/2026, the Clerk of Court shall enter judgment and close this case without further order. SO ORDERED. Issued by Hon. Lawrence J. Vilardo on 4/30/2026. (RFI)Clerk to Follow up (Entered: 05/01/2026) | |

| | Availability | # | Date | Proceeding Text | Source |
|---|---|---|---|---|---|
| | | 27 | 05/01/2026 | NOTICE of Substitution of Government Attorney: Adam A. Khalil, appearing on behalf of Joseph Freden, Todd Lyons, Tammy Marich, Kristi Noem, U.S. Department of Homeland Security, U.S. Immigration, is substituted in place of Marvin J Muller. CLERK TO FOLLOW UP. (Khalil, Adam) (Entered: 05/01/2026) | |
| ☐ | Online | 29 | 09/04/2026 | NOTICE OF APPEAL as to 14 Decision and Order,,, Terminate Motions,, by Joseph Freden, Todd Lyons, Tammy Marich, Kristi Noem, U.S. Department of Homeland Security, U.S. Immigration. Fee status: waived (Khalil, Adam) (Entered: 09/04/2026) | |
| | | | 09/08/2026 | Within 14 days of filing the Notice of Appeal, the appellant is required to electronically file with the District Court an index of filed documents it wishes the Court of Appeals to consider, called Designation of Record on Appeal. After receipt, the Clerks Office will certify and transmit the index to the Circuit. Pursuant to Local Rule 12.1 of the US Court of Appeals for the Second Circuit, Forms C and D must be completed within 14 days after the filing of a notice of appeal. Forms C and D can be obtained at www.ca2.uscourts.gov. (TME) (Entered: 09/08/2026) | |

**Retrieve Document(s)**

Copyright © LexisNexis CourtLink, Inc. All Rights Reserved.

*** THIS DATA IS FOR INFORMATIONAL PURPOSES ONLY ***

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

KAYHAN BAKHTANI,

Petitioner,

v.

TAMMY MARICH et al.,

Respondents.

25-CV-1500-LJV
DECISION & ORDER

The petitioner, Kayhan Bakhtani, is a native of Afghanistan. Docket Item 1 at ¶ 1. Fleeing threats and violence from the Taliban, Bakhtani entered the United States on May 29, 2024. *See id.* at ¶¶ 25-26. That same day, he was paroled into the country for two years "while he pursued any immigration relief available to him." *Id.* at ¶ 28. His parole therefore was set to expire on May 29, 2026. *Id.*

When Bakhtani arrived—presumably on the day of his arrival—the United States Department of Homeland Security ("DHS") initiated removal proceedings against him under section 240 of the INA, 8 U.S.C. § 1229a. *See* Docket Item 1 at ¶¶ 28, 63; *see also* Docket Item 8-3 at 7 (May 29, 2024, DHS record stating that Bakhtani had been paroled into the country "pending 240 proceedings"). As this Court previously has noted, DHS may choose to pursue removal under section 240 "instead of pursuing expedited removal in the first instance." *See Mata Velasquez v. Kurzdorfer*, 794 F. Supp. 3d 128, 143 (W.D.N.Y. 2025). Those removal proceedings are still pending. Docket Item 1 at ¶¶ 28, 63. Moreover, on September 18, 2024, Bakhtani pursued "immigration relief available to him," *id.* at ¶ 28, when he filed an application for asylum,

withholding of removal, and protection under the Convention Against Torture, *id.* at ¶ 29. That application remains pending as well. *See id.* at ¶ 63.

Bakhtani lived freely in the United States until December 3 of last year when, "without explanation," he was taken into custody by United States Immigration and Customs Enforcement ("ICE"), *id.* at ¶ 32, and his parole was terminated via a letter from ICE, Docket Item 8-3 at 5.[1] That letter stated that Bakhtani's parole was being terminated because "[n]either urgent humanitarian reasons nor significant public benefit warrant [Bakhtani's] continued parole at this time." *Id.* But it was silent about why or how ICE had made that determination. *See id.*[2]

After he was detained, Bakhtani filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 requesting his immediate release. Docket Item 1. In support of that request, Bakhtani cites this Court's prior decision in *Mata Velasquez* and argues that just like the petitioner in *Mata Velasquez*, his parole was terminated unlawfully and his ongoing detention violates his constitutional rights. *See* Docket Item 11 at 10-13, 24.

In *Mata Velasquez*, this Court addressed a petition concerning the arrest and detention of a noncitizen who, like Bakhtani, was previously admitted to the United States on parole. There, the petitioner had been paroled into the United States for a two-year period "to pursue his asylum claim." *See Mata Velasquez*, 794 F. Supp. 3d at 137. Before that parole period expired, however, he was arrested, detained, and issued a letter terminating his parole without explanation. *Id.* And if those similarities to

---

[1] Page numbers in docket citations refer to ECF pagination.

[2] What is more, the respondents' briefing also does not provide any explanation why Bakhtani's parole no longer serves humanitarian reasons or significant public benefit.

Bakhtani's case were not striking enough, the petitioner in *Mata Velasquez* also was in removal proceedings under section 240 that remained pending at the time of his arrest. *See id.* at 142-144 (discussing status of Mata Velasquez's section 240 proceedings). Based on the facts presented in that case, the Court ruled for the petitioner,[3] concluding both that the termination of his parole had "violated his rights under the statute and regulations," *id.* at 146, and that his ongoing detention violated his constitutional due process rights, *id.* at 153.

As to the first conclusion, the Court found that "[t]he government . . . does not have the authority to arrest a noncitizen who has been granted parole without properly terminating that parole . . . or unless there is some other valid reason to arrest him." *Id.* at 145 (citing *Y-Z-L-H v. Bostock*, 792 F. Supp. 3d 1123, 1145-46 (D. Or. 2025)). And to properly terminate parole, the government—acting through an official with the requisite authority—must make that decision on a case-by-case basis in light of "the reasons [that the] individual [noncitizen] received parole." *Id.* at 146 (quoting *Doe v. Noem*, 778 F. Supp. 3d 311, 339 (D. Mass. 2025)).

As to the noncitizen's detention, this Court found that under "the circumstances of th[e] case," *id.* at 148, due process required that the petitioner receive "the opportunity to be heard at a meaningful time and in a meaningful manner" before having parole revoked, *id.* at 146-47 (quoting *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976) (citation and internal quotation marks omitted)). Because there was neither evidence

[3] There, in addition to filing a petition for a writ of habeas corpus, the petitioner had moved for a preliminary injunction seeking his release. *Mata Velasquez v. Kurzdorfer*, 794 F. Supp. 3d 128, 154-55 (W.D.N.Y. 2025). The Court granted his motion for a preliminary injunction and ordered his release. *See id.*

that a government official with sufficient authority had properly terminated the petitioner's parole, *id.* at 146, nor evidence that the petitioner had been given any opportunity to be heard (let alone a meaningful one), *id.* at 153, the Court ordered his immediate release, *id.* at 154-55.

Here, the respondents do not attempt to argue that *Mata Velasquez* does not apply. In fact, the only argument the respondents make to justify Bakhtani's detention is the same one they made in *Mata Velasquez*: that the termination of parole justifies detention. *See* Docket Item 8-1 at 4; *see also Mata Velasquez*, 794 F. Supp. 3d at 144 ("The government . . . says that it has revoked Mata Velasquez's parole and that he therefore remains detained" under section 1225(b) (citation and internal quotation marks omitted)). In light of the striking factual similarities and the same arguments, the questions presented here are the same ones presented in *Mata Velasquez*: whether the government properly terminated Bakhtani's parole and whether it gave him the opportunity to challenge that termination at a meaningful time and in a meaningful manner. And if the government did not, then there is no lawful basis for Bakhtani's ongoing detention.[4]

Based on the record before it, the Court cannot help but reach the same conclusion that it reached in *Mata Velasquez*. First, despite the respondents' assertion that the termination of Bakhtani's parole complied with the applicable regulations, *see*

---

[4] The respondents also argue that this Court's review is precluded by 8 U.S.C. § 1252(a)(2)(B)(ii). Docket Item 8-1 at 5. The Court addressed that very argument in *Mata Velasquez* and concluded that section 1252(a)(2)(B)(ii) did not bar its jurisdiction over claims that challenge the process by which parole was terminated. *See* 794 F. Supp. 3d at 141-42. Because Bakhtani likewise takes issue with the process by which his parole was terminated, the Court again concludes that section 1252(a)(2)(B)(ii) does not bar its review.

Docket Item 8-1 at 4, there is no evidence in the record showing that the decision to terminate Bakhtani's parole was made on a case-by-case basis that "attend[ed] to the reasons" he had received parole. On the contrary, the letter Bakhtani received summarily says only that his parole was being terminated, repeating the language of the relevant regulation without any analysis. Docket Item 8-3 at 5 (stating that parole was terminated because "[n]either urgent humanitarian reasons nor significant public benefit warrant [Bakhtani's] continued parole at this time"); *see also* 8 C.F.R. § 212.5(e)(2)(i) (DHS can terminate parole "upon accomplishment of the purpose for which parole was authorized or when in the opinion of one of [certain specified DHS] officials . . . , neither humanitarian reasons nor public benefit warrants the continued presence of the [noncitizen] in the United States"). Nowhere in that letter or in any of the respondents' submissions is there "a reasoned explanation or any changed circumstances," *Y-Z-L-H*, 792 F. Supp. 3d at 1146, and the termination of Bakhtani's parole therefore violated his rights under the statute and regulations.[5]

Just as troubling, there is no evidence that Bakhtani was given any opportunity to be heard, let alone a meaningful opportunity. The letter that revoked his parole is dated the same day as his arrest, Docket Item 8-3 at 5, and Bakhtani says that he was not given any notice before he was arrested, Docket Item 1 at ¶ 1. Moreover, there is no

[5] In addition to the letter terminating his parole dated December 3, 2025, Bakhtani also was sent an automated email on April 11, 2025, stating that his parole had been terminated as a result of the government's decision to revoke parole "for hundreds of thousands of individuals who entered via the CBP One application." Docket Item 11-1 at ¶ 7. The respondents do not acknowledge this email and argue only that Bakhtani's parole was terminated on December 3, 2025. *See* Docket Item 8-1 at 2. Because the problems identified above certainly are not solved by an automated email which does not even appear to be personally addressed to Bakhtani, *see* Docket Item 11-1 at 7, the Court need not and does not consider its effect.

evidence that Bakhtani was given any opportunity to challenge the termination of his parole and his ensuing detention.[6]

Because there is no evidence that Bakhtani's parole was properly terminated, and because his abrupt and continuing detention without notice or a meaningful opportunity to be heard violates his right to due process, there is no lawful basis for Bakhtani's continued detention. And because there is no lawful basis for his detention, this Court joins the numerous district courts that have followed its conclusion in *Mata Velasquez:* that the only proper remedy is immediate release. *See, e.g.*, *Munoz Materano v. Arteta*, 804 F. Supp. 3d 395, 419-26 (S.D.N.Y. Sept. 12, 2025) (ordering petitioner's release when parole was revoked "without any individualized assessment"); *Benavente v. Raycraft*, 2025 WL 3760755, at *4-8 (W.D. Mich. Dec. 30, 2025) (ordering petitioner's release "subject to any conditions that existed under" her parole when "there [wa]s no indication . . . that any . . . case-by-case determination regarding the revocation of [her] parole was made"); *Orellana v. Francis*, 2025 WL 2402780, at *7 (E.D.N.Y. Aug. 19, 2025) (ordering petitioner's release when government had not made a case-by-case determination to revoke parole or "provide[d] credible, direct evidence

[6] In determining the due process required in *Mata Velasquez*, the circumstances considered by the Court included the fact that the petitioner had effectively been "invited" to the country through a specific parole program created for Venezuelans. 794 F. Supp. 3d at 148-49. Bakhtani was not granted parole through such a program, but he says that he was effectively invited into the country through a then-existing program permitting asylum seekers to lawfully request permission to enter via the CBP One app. *See* Docket Item 11 at 10-11. The respondents do not contest that assertion, and given the circumstances unique to Bakhtani—an individual whose sibling worked in Afghanistan on projects tied to the U.S. government, Docket Item 11-1 at ¶ 6, and who even scheduled an appointment through the app to enter the country, *id.* at ¶ 3—it is fair to say that he was also "invited" here.

demonstrating that [the p]etitioner received notice, let alone *adequate* notice" before parole was revoked).

## <u>CONCLUSION</u>

Accordingly, for the reasons explained above and in *Mata Velasquez*, Bakhtani's petition, Docket Item 1, is GRANTED. Within 24 hours of the issuance of this decision and order, Bakhtani must be released. On or before February 9, 2026, the respondents shall file a status report confirming Bakhtani's release. The respondents' motion to dismiss, Docket Item 8, is DENIED.[7]

SO ORDERED.

Dated: February 6, 2026
Buffalo, New York

***/s/ Lawrence J. Vilardo***
LAWRENCE J. VILARDO
UNITED STATES DISTRICT JUDGE

[7] Because the Court concludes that Bakhtani must be released on the basis of the improper termination of his parole and the violation of his due process rights, the Court need not reach the other arguments raised in his petition.

**Bakhtani v. Rhoney**
26-2501

## Addendum B

### (1) ISSUES PROPOSED TO BE RAISED ON APPEAL

- Whether a district court has jurisdiction to hear a challenge to an arrest for immigration enforcement purposes under 8 U.S.C. § 1252
- Whether a district court has jurisdiction to hear a challenge to detention for immigration purposes under 8 U.S.C. § 1252
- Whether a district court has jurisdiction to review the claimed wrongful termination of parole, a discretionary agency decision
- Whether termination of parole requires individualized analysis on a case-by-case basis
- Whether an alien is entitled to an opportunity be heard prior to termination of parole
- Whether release is the proper remedy for an allegedly unlawful termination of parole, as opposed to a bond hearing

### (2) APPLICABLE APPELLATE STANDARD OF REVIEW FOR EACH PRPOSED ISSUE

The applicable standard of review for all of these issues is de novo review. *See Kapoor v. DeMarco*, 132 F.4th 595, 606 (2d Cir.), cert. denied, 146 S. Ct. 325 (2025); *Black v. Decker*, 103 F.4th 133, 138 (2d Cir. 2024).